# 22-3197-cv

=================================================================

*To Be Argued By*:
Thadius L. Bochain
Assistant Attorney General

## In the United States Court of Appeals for the Second Circuit

———————

KONSTANTINOS ZOGRAFIDIS,

Plaintiff-Appellant,

v.

VANESSA RICHARDS, Assistant United States Attorney,
WESTPORT POLICE DEPARTMENT, STATEWIDE GRIEVANCE
COMMITTEE, DANBURY GRIEVANCE PANEL,

Defendants-Appellees,

*(For Continuation of Caption See Reverse Side of Cover)*

———————

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

———————

**BRIEF OF DEFENDANTS-APPELLEES STATEWIDE GRIEVANCE
COMMITTEE AND DANBURY GRIEVANCE PANEL**

———————

WILLIAM TONG
ATTORNEY GENERAL

Thadius L. Bochain
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Ph: 860-808-5020
Fax: 860-808-5347
Email: Thadius.Bochain@ct.gov

=================================================================

MICHAEL EDWARD RUNOWICZ, Assistant United States Attorney, SARAH P KARWAN, Assistant United States Attorney, DEIRDE M. DALY, United States Attorney, KENNETH A. BLANCO, Deputy Assistant Attorney General Criminal Division, SANDRA SLACK GLOVER, Assistant United States Attorney, PATRICK DOHERTY, Assistant United States Attorney, PETER DEAN MARKLE, Assistant United States Attorney, JOHN B. HUGHES, Assistant United States Attorney, WILLIAM NARDINI, Assistant United States Attorney, JOHN H. DURHAM, United States Attorney, DOMINICK CISERO, TFO, TERRENCE BLAKE, Detective, PEREZ, EDWARDS, MARK SUDA, KACZYNSKI, RAC, ROSCOE, TFO, WALSH, TFO, LOFTON, TFO, RODNEY GEORGE, SA, MATERA, New York Police Lieutenant, ANTHONY DEPANFILIS, MCHUGH, SA, MARTINEZ, TFO, SIXTO, DINNAN, GS, PAUL THOMAS, Attorney, FRANK O'REILLY, Attorney, ELLIOT R. WARREN, Attorney, JOSEPH DIMYAN, Attorney, a.k.a. CW-2, JOSEPH GEGA, CHRISTOS PAPACHRISTOU, TED LEE, a.k.a. CW-1, CHRIS ANDERSON, DAVID SOLANO, CI Bobby, UNITED STATES ATTORNEY'S OFFICE, OF BRIDGEPORT CONNECTICUT, NORWALK POLICE DEPARTMENT, HIGH INTENSITY NARCOTICS TASK FORCE, OF BRIDGEPORT RO,

Defendants.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ iii

JURISDICTIONAL STATEMENT ......................................................... 1

COUNTERSTATEMENT OF THE ISSUES ............................................ 2

INTRODUCTION ............................................................................... 3

STATEMENT OF THE CASE ............................................................... 4

SUMMARY OF ARGUMENT ............................................................ 16

ARGUMENT .................................................................................. 17

I.  PLAINTIFF HAS WAIVED ANY CHALLENGE TO THE DISTRICT COURT'S DISMISSAL OF HIS CLAIMS AGAINST STATE DEFENDANTS ................................................. 17

II.  THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS AGAINST STATE DEFENDANTS ................................. 21

    A.  Standard of review ................................................. 21

    B.  The district court properly dismissed Plaintiff's Section 1983 claims against State Defendants because they clearly were barred by the Eleventh Amendment ............. 22

    C.  Alternatively, the district court properly dismissed Plaintiff's Section 1983 claims against State Defendants because the applicable three-year statute of limitations barred them ........................................................ 26

    D.  Even if the district court dismissed the claims against State Defendants sua sponte, it acted properly because Plaintiff asserted frivolous claims against them ................. 31

        1.  Standard of review for sua sponte dismissals ................ 32

i

2.  A plaintiff's payment of a filing fee does not strip a district court of its authority to issue a sua sponte dismissal .......................................................... 33

3.  Plaintiff's Section 1983 claims against State Defendants are plainly frivolous, and the district court properly dismissed them ........................................ 34

III.  PLAINTIFF CANNOT PREVAIL ON HIS APPARENT CLAIM(S) THAT MAGISTRATE JUDGE FARRISH AND/OR JUDGE BOLDEN ABUSED THEIR POWERS OR WERE BIASED .............................................................. 38

CONCLUSION ...................................................... 42

CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS ................................................. 43

CERTIFICATION OF SERVICE ........................................... 44

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*74 Pinehurst LLC v. New York*, 59 F.4th 557 (2d Cir. 2023) ..... 22, 22 n.8

*Ashmore v. Prus*, 510 Fed. Appx. 47 (2d Cir.), *cert. denied sub nom. Ashmore v. New York*, 569 U.S. 959 (2013) ................................ 21

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ................................................. 8

*Bryan v. Fleetbank N.A.,* 2022 WL 6832280, 2022 U.S. App. Lexis 28324 (2d Cir. 2022) ...................................................... 32, 33, 35

*Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77 (2d Cir. 2018) ...................................................................... 33, 36, 37

*Chapdelaine v. Town of Eastford*, 708 Fed. Appx. 699 (2d Cir. 2017) ........................................................................................ 35

*Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218 (2d Cir. 2009) ..................................................................... 40, 42

*Clark v. Schroeder*, 847 Fed. Appx. 92 (2d Cir.), *cert. denied*, 142 S. Ct. 341 (2021) ................................................... passim

*Cooke v. U.S. Bank National Assn.*, 749 Fed Appx. 69 (2d Cir. 2019) ........................................................................................ 21

*Curcio v. Abrams*, 2023 WL 31183, 2023 U.S. App. Lexis 82 (2d Cir. 2023) ................................................................. 32, 37

*Ex parte Young*, 209 U.S. 123 (1908) .................................. 22 n.8, 23 n.8

*Federal Defenders of N.Y., Inc. v. Federal Bureau of Prisons*, 954 F.3d 118 (2d Cir. 2020) ................................................. 32

*Feng Li v. Rabner*, 643 Fed. Appx. 57 (2d Cir. 2016) ............................ 35

*Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000) ............................................... 32, 33, 36

iii

*Graham v. Henderson*, 89 F.3d 75 (2d Cir. 1996) ............................. 20, 36

*Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013) .................. 38

*Hahn v. New York*, 825 Fed. Appx. 53 (2d Cir. 2020) ....................... 35, 38

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) ................................ 26, 27

*In re M.M.*, 2022 WL 1565694, 2022 U.S. App. Lexis 13400
(2d Cir. 2022) ................................................................................ 24, 25

*J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de
C.V.*, 412 F.3d 418 (2d Cir. 2005) ................................................ 20, 36

*Jordan v. New York State Dept. of Labor*, 811 Fed. Appx. 58
(2d Cir. 2020) .......................................................................... 21, 35, 38

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2d Cir.
1998) ............................................................................................. 33, 34

*LoCascio v. United States*, 473 F.3d 493 (2d Cir. 2007), *cert.
denied*, 552 U.S. 1010 (2007) ................................................... 39, 40 n.9

*Losacco v. City of Middletown*, 71 F.3d 88 (2d Cir. 1995) ............. passim

*Lounsbury v. Jeffries*, 25 F.3d 131 (2d Cir. 1994) ........................... 26, 28

*Mary Jo C. v. New York State & Local Retirement Systems*,
707 F.3d 144 (2d Cir.), *cert. dismissed*, 569 U.S. 1040 (2013) ............ 23

*McGinty v. New York*, 251 F.3d 84 (2d Cir. 2001) ................................ 38

*McKeown v. N.Y. State Commission on Judicial Conduct*, 377
Fed. Appx. 121 (2d Cir. 2010) ...................................................... 24, 25

*McLeod v. Jewish Guild for the Blind*, 864 F.3d 154 (2d Cir.
2017) ..................................................................................................... 17

*McPartlan-Hurson v. Westchester Community College*, 804
Fed. Appx. 41 (2d Cir. 2020) ........................................................ 20, 41

*Mele v. Connecticut*, 2007 WL 484618, 2007 U.S. Dist. Lexis
9943 (D. Conn. Feb. 5, 2007) ............................................................... 24

iv

*Moates v. Barkley*, 147 F.3d 207 (2d Cir. 1998) .............................. passim

*Monroe v. Horwitch*, 820 F. Supp. 682 (D. Conn. 1993), *aff'd without opinion*, 19 F.3d 9 (2d Cir. 1994) ............................................25

*Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999) ......................................34

*Napolitano v. Saltzman*, 315 Fed. Appx. 351 (2d Cir. 2009) .................24

*Neitzke v. Williams* 490 U.S. 319 (1989) .........................................33, 34

*Palmer v. Amazon.com, Inc.*, 51 F.4th 491 (2d Cir. 2022) .....................21

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) .............................................................................................23

*Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995) ..........................................33, 35

*Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) ....................................................................23 n.8

*Rolle v. St. George*, 833 Fed. Appx. 844 (2d Cir. 2020), *cert. denied*, 142 S. Ct. 239 (2021) ........................................................33, 42

*Sargent v. Emons*, 582 Fed Appx. 51 (2d Cir. 2014) ..............................24

*Smalls v. Collins*, 10 F.4th 117 (2d Cir. 2021) .................................29, 30

*Spak v. Phillips*, 857 F.3d 458 (2d Cir. 2017) .......................................26

*Tolbert v. Queens College*, 242 F.3d 58 (2d Cir. 2001) .....................20, 41

*United States v. Adams*, 955 F.3d 238 (2d Cir. 2020)............................40

*United States v. Papadakos*, 729 Fed. Appx. 41 (2d Cir.), *cert. denied sub nom. Zografidis v. United States*, 139 S. Ct. 166 (2018) .................................................................................4 n.1, 19 n.7

*Ward v. City of New York*, 777 Fed. Appx. 540 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 849 (2020).........................................27, 35, 38

*Watson v. United States*, 865 F.3d 123 (2d Cir. 2017) ...........................30

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) .............. 23, 25

*Williams v. Marinelli*, 987 F.3d 188 (2d Cir. 2021) ................................ 23

*Williams v. R.R.*, 2022 WL 1053265, 2022 U.S. App. Lexis
    9451 (2d Cir. 2022) ................................................................................ 20

*Zografidis v. Dimyan et al.*, No. 3:14-cv-00666 (RNC) (D.
    Conn. 2014) ...................................................................................... 7 n.3

*Zografidis v. Norwalk Police Dept.*, 2014 U.S. Dist. Lexis
    98321 (D. Conn. July 18, 2014) ...................................................... 7 n.3

*Zografidis v. Norwalk Police Dept.*, et al., No. 3:14-cv-00667
    (RNC) (D. Conn. 2014) .............................................................. 7 n.3, 9

## Statutes

21 U.S.C. § 841(b)(1)(C) .................................................................... 4 n.1

21 U.S.C. § 846 .................................................................................. 4 n.1

28 U.S.C. § 1291 ...................................................................................... 1

28 U.S.C. § 1915 ............................................................................... 7, 41

28 U.S.C. § 2255 ................................................................... 7, 7 n.3, 13

42 U.S.C. § 1983 ........................................................................... passim

Conn. Gen. Stat. § 51-1a ....................................................................... 24

Conn. Gen. Stat. § 51-90 ....................................................................... 23

Conn. Gen. Stat. § 51-90a ..................................................................... 24

Conn. Gen. Stat. § 51-90b ..................................................................... 24

Conn. Gen. Stat. § 52-577 ..................................................................... 26

## Rules

Local Rule 28.1(a) for the Second Circuit Court of Appeals ................... 17

Rule 28(a) of the Federal Rules of Appellate Procedure ........................ 17

Rule 8 of the Federal Rules of Civil Procedure ................................ 14 n.6

**Constitutional Provisions**

CONN. CONST. Art. II, § 1 ...................................................................... 24

CONN. CONST. Art. V, §§ 1-3 ................................................................ 24

Eleventh Amendment to the United States Constitution ............. passim

Fifth Amendment to the United States Constitution ............................ 6

Fourteenth Amendment to the United States Constitution ............. 6, 22

Fourth Amendment to the United States Constitution .................... 6, 13

Sixth Amendment to the United States Constitution ............................ 6

## **JURISDICTIONAL STATEMENT**

This Court has jurisdiction pursuant 28 U.S.C. § 1291 because Plaintiff appeals from a final judgment dismissing his Amended Complaint and not permitting further leave to amend.

## <u>COUNTERSTATEMENT OF THE ISSUES</u>

I. Whether Plaintiff has waived and abandoned any challenge to the district court's dismissal of claims against the Statewide Grievance Committee and the Danbury Grievance Panel by failing to address, let alone adequately brief, the district court's underlying judgment.

II. Whether the district court properly dismissed Plaintiff's claims against the Statewide Grievance Committee and the Danbury Grievance Panel.

III. Whether Plaintiff's apparent claim(s) that the district court abused its powers and/or was biased fail(s) due to inadequate briefing or otherwise lack(s) merit.

2

## **INTRODUCTION**

Broadly speaking, Plaintiff's brief presents his version of the facts and circumstances underlying his 2014 guilty plea to federal drug charges and his assertions that prior courts erred in not vacating his criminal convictions. He asserts that this appeal, in addition to challenging the district court's judgment underlying the present case, is "aimed unto all the other court's judgments, denials and MANDATES on ALL my previous cases[.]" Plaintiff's Brief ("Pl. Br.") at 1 (emphasis in original).

Plaintiff's brief, however, has nothing to do with the district court's proper decision to dismiss the claims against the Statewide Grievance Committee and the Danbury Grievance Panel (collectively "State Defendants") because (1) the Eleventh Amendment barred Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims and (2) such claims were untimely. Plaintiff fails to present to this Court—let alone adequately brief—any issue justifying reversal of the district court's judgment. That alone is a sufficient basis to affirm.

3

But even if this Court does reach the merits of any issues related to State Defendants in this appeal—which it should not—Plaintiff cannot prevail. The district court properly dismissed Plaintiff's claims against State Defendants because both the Eleventh Amendment and the applicable statute of limitations plainly barred them. This Court should affirm.

## STATEMENT OF THE CASE

On May 4, 2022, Plaintiff filed a Complaint and moved to proceed in forma pauperis. *See* District Court Docket ("Dist. Ct. Dkt.") Nos. 1 and 2. He named forty-two defendants—mostly federal prosecutors, law enforcement officers, and other individuals allegedly associated with his federal prosecution for drug offenses that commenced in 2012.[1] *See, e.g.,*

---

[1] On June 24, 2014, Plaintiff pleaded guilty to conspiring with intent to distribute and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Dist. Ct. Dkt. No. 9 at 3. This Court affirmed his convictions after rejecting, among other things, his claim that he should have been allowed to withdraw his guilty plea. *See United States v. Papadakos*, 729 Fed. Appx. 41, 45-46 (2d Cir.) (summary order), *cert. denied sub nom. Zografidis v. United States*, 139 S. Ct. 166 (2018). *Papadakos* and other summary orders cited in this brief are publicly available on the Second Circuit's website (https://www.ca2.uscourts.gov/decisions.html), and State Defendants

4

Dist. Ct. Dkt. No. 1 ¶¶ 1-28, 37-43. Broadly speaking, Plaintiff alleged that the federal defendants committed constitutional violations or otherwise engaged in fraudulent, deceptive, or corrupt behavior in connection with this federal prosecution. *See id* ¶¶ 1-28, 37-43. He made similar allegations against Attorneys Paul Thomas and Frank O'Reilly— two of his court appointed defense attorneys—claiming that they either colluded with the government or assisted it in obtaining his guilty plea. *See id.* at ¶¶ 29-30; *see also id.* at ¶ 31 (making similar allegations against a third attorney who represented a co-defendant in the federal prosecution).

Plaintiff also named State Defendants as defendants. *Id.* at ¶¶ 35-36. According to Plaintiff, the Statewide Grievance Committee was "influenced" by the United States Attorney's Office during its investigation into a 2013 grievance that he filed against Attorney Joseph Dimyan, favored the federal government's interests by not conducting "a thorough investigation" into the grievance, and "violated" his "due

---

sent copies of the summary orders to pro se Plaintiff. *See* Fed. R. App. P. 32.1(b); 2d Cir. R. 32.1.1(d).

5

process" rights because it was "bias[ed.]"[2]  Dist. Ct. Dkt. No. 1 at ¶¶ 32, 35.

Regarding the Danbury Grievance Panel, Plaintiff alleged that it was "bias[ed]," "made an irrational and premature decision" without an adequate investigation or "an evidentiary hearing," and "deprived [him] of a fair hearing and legal assistance" in connection with a grievance that he filed.  *Id.* at ¶ 36.  He further asserted that the Danbury Grievance Panel's April 23, 2013 "'Notice of Dismissal' was inaccurate and defective."  *Id.*

Plaintiff claimed violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution, and alleged that "[e]verything needed to validate and justify [his] multiple claim(s) against all defendants" apparently could be found in materials that he filed in prior cases.  *See id.* at 22.  He sought "$10,000,000.00" in money damages against each State Defendant.  *Id.* at 23.

---

[2] Plaintiff also alleged that he filed a grievance against Thomas in 2013 and against O'Reilly in 2014.  *See* Dist. Ct. Dkt. No. 1, ¶¶ 29, 30.

6

On May 20, 2022, Plaintiff filed a motion requesting appointment of counsel. Dist. Ct. Dkt. No. 6. The district court referred Plaintiff's motions for leave to proceed in forma pauperis and for appointment of counsel to Magistrate Judge Thomas Farrish. Dist. Ct. Dkt. No. 7. Magistrate Judge Farrish reviewed the motions and Complaint pursuant to 28 U.S.C. § 1915 and recommended that the district court (1) deny Plaintiff's request to proceed in forma pauperis, (2) dismiss the Complaint, and (3) deny Plaintiff's motion for appointment of counsel. Dist. Ct. Dkt. No. 9 at 2, 27. Magistrate Judge Farrish detailed Plaintiff's prior federal cases, which included two Section 1983 actions and a federal habeas petition under 28 U.S.C. § 2255, and noted that the allegations here "raise[d] essentially the same allegations as in his prior actions, albeit with substantially more defendants this time."[3] *See id.* at 3-5. He

---

[3] In 2014, Plaintiff commenced two Section 1983 actions. *See Zografidis v. Norwalk Police Dept.*, et al., No. 3:14-cv-00667 (RNC) (D. Conn.); *Zografidis v. Dimyan et al.*, No. 3:14-cv-00666 (RNC) (D. Conn.); *see also Zografidis v. Norwalk Police Dept.*, 2014 U.S. Dist. Lexis 98321 (D. Conn. July 18, 2014). In 2018, Plaintiff filed a habeas petition pursuant to 28 U.S.C. § 2255. *Zografidis v. United States*, 2021 WL 1810142, 2021 U.S. Dist. Lexis 125089 (D. Conn. July 6, 2021), *appeal*

further interpreted the Complaint as raising claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing certain constitutional torts against federal defendants) and Section 1983. Dist. Ct. Dkt. No. 9 at 10.

Regarding State Defendants, Magistrate Judge Farrish determined that the Section 1983 claims alleged against them should be dismissed because: (1) the three-year statute of limitations barred them; *id.* at 11-14; and (2) State Defendants were immune from suit pursuant to the Eleventh Amendment. *Id.* at 23-24.

With respect to the statute of limitations, Magistrate Judge Farrish noted that, "absent tolling or a deferred accrual date," the applicable limitations period barred any Section 1983 action that accrued prior to May 4, 2019. *Id.* at 13. Because Plaintiff "obviously had sufficient knowledge" of his claims based on the same or similar allegations set forth in his "prior civil actions in 2014 and 2018," the three-year statute of limitations barred his claims. *Id.* at 13. Among other things,

---

*dismissed*, 2021 WL 7540171, 2021 U.S. App. Lexis 39751 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2742, *rehearing denied*, 143 S. Ct. 57 (2022).

Magistrate Judge Farrish noted that one of Plaintiff's prior Section 1983 complaints—which he filed on May 9, 2014—asserted that "'the Danbury Grievance Panel'" and other defendants had "'violated'" him. Dist. Ct. Dkt. No. 9 at 13 (quoting the Complaint in *Zografidis v. Norwalk Police Dept.*, No. 3:14-cv-00667).

As for the Eleventh Amendment, Magistrate Judge Farrish noted that Plaintiff's allegations against State Defendants were unclear but, in any event, they were immune from suit as state agencies. *Id.* at 23-24.

Magistrate Judge Farrish ultimately recommended that the claims be dismissed without prejudice so that Plaintiff could pay the filing fee and attempt to "cure the defects" through an amended complaint. *Id.* at 27. On September 6, 2022, after filing various documents with the district court, including objections to Magistrate Judge Farrish's recommended ruling, Plaintiff paid the $402 filing fee.[4] *See* Second Circuit Docket ("Sec. Cir. Dkt.") No. 3-2 at 7 (record on appeal); *see also*

---

[4] After Plaintiff paid the filing fee, he putatively served various defendants, including State Defendants, by mailing copies of the initial Complaint to them. *See* Dist. Ct. Dkt. Nos. 17-18, 22-23.

9

Dist. Ct. Dkt. Nos. 10-14.  Approximately three weeks later, the matter was reassigned to the district court, *Bolden, J.*, after the district court, *Covello, J.*, retired from the bench.  Dist. Ct. Dkt. Nos. 15 and 19.

On October 7, 2022, Judge Bolden adopted Magistrate Judge Farrish's recommended ruling, dismissed the Complaint without prejudice, and gave Plaintiff until November 4, 2022 to file an amended complaint.  Dist. Ct. Dkt. No. 24.  Plaintiff's failure to file such an Amended Complaint would result in the dismissal being "with prejudice[.]"  *Id.*

Nineteen days later, Plaintiff filed an Amended Complaint.  *See* Dist. Ct. Dkt. No. 29.  The Amended Complaint totaled 126 pages— approximately 27 of which were single-spaced and purported to assert factual allegations or claims against the various defendants, while the remaining "exhibit[s]" were documents seemingly filed in connection with his prior federal cases.  *See generally id.*  The specific allegations against State Defendants did not clearly identify what claims Plaintiff brought against them, but they apparently flowed from his disagreement with their alleged handling of the grievance that he filed against Dimyan in

10

2013. *See* Dist. Ct. Dkt. No. 29 at 20-22. To the extent that Plaintiff's allegations could be understood, he appeared to assert Section 1983 claims that State Defendants allegedly deprived him of due process and violated his constitutional rights by colluding with the federal government. *See, e.g., id.* at 20 ("I have concluded that [State Defendants] colluded with the government to purposefully fail me of my constitutional right to a fair hearing in order to prove my claim(s)."); *id.* at 21 (alleging that "[t]here must be an exception in my case" to sue State Defendants due to "their misconduct, bias rulings, and by knowingly and willingly aiding and abetting a crime committed (conspiracy of fraud), and/or protecting criminals"); *id.* at 22 ("I Konstantinos Zografidis was deprived of my constitutional right to a fair hearing by the Grievance Committees in order to justify my claim.").

In his Amended Complaint, Plaintiff reiterated that he sought $10,000,000 from various defendants, including State Defendants; *id.* at 11; and requested the "court to '**re-open**' [his] criminal and civil cases" and "grant [him] all of [his] Amended Requests in this civil complaint[.]" *Id.* at 27 (emphasis in original).

11

The allegations in the Amended Complaint, however, failed to address meaningfully the statute of limitations and Eleventh Amendment deficiencies in the initial Complaint. With respect to the statute of limitations, Plaintiff appeared to allege that his claims were not time-barred because (1) he continues to fight his unlawful criminal convictions, (2) the statute of limitations does not begin to run until the United States Supreme Court renders a final decision addressing the validity of his convictions, (3) he did not know about the statute of limitations, and (4) the statute of limitations did not start to run until 2021—a point in time when a court in a different case denied a motion that he had filed. *See* Dist. Ct. Dkt. No. 29 at 3, 5-6, 12.

With respect to individuals being immune from suit, Plaintiff alleged as follows:

- "Magistrate [Judge Farrish] also claims that certain individuals are immune from suit. My question is[:] What about the rest that are not entitled to immunity? Does that give [Magistrate Judge Farrish] reason to dismiss the entirety of my suit??? Besides, as I've explained and produced overwhelming discovery

12

in my Petition of 2255, and also in this civil rights complaint . . . that nobody has any immunity if there are constitutional violations where a person . . . knowingly and willingly with an ill-intent violates them, especially our **4ᵗʰ Amendment**." Dist. Ct. Dkt. No. 29 at 5 (emphasis in original).

- And in disagreeing with Magistrate Judge Farrish's conclusion that Plaintiff sought monetary relief from individuals who were immune from suit, Plaintiff "disagree[d]" and asserted that he held all defendants responsible for conspiring with, or assisting, federal prosecutors in obtaining his unlawful conviction. *See id.* at 11.

Beyond failing to address the deficiencies in his initial Complaint, the Amended Complaint confirms that the purpose of this lawsuit is to "fight[] to overturn [his] unconstitutional '**criminal conviction**'" and is just "another way" to "claim [his] innocence[.]" *Id.* at 3 (emphasis in original). The tenor of the Amended Complaint was that Plaintiff maintained that he was wrongfully convicted and that everyone who was involved in his prior cases—both criminal and civil—were corrupt, had

13

engaged in fraudulent conduct, were biased, failed to consider evidence or arguments he presented, and/or committed various constitutional violations. *See, e.g.,* Dist. Ct. Dkt. No. 29 at 2-10, 24-27.

State Defendants moved to dismiss the claims directed against them with prejudice.[5] *See* Dist. Ct. Dkt. Nos. 33 and 33-1. Among other things, State Defendants contended that the claims against them were barred by (1) the Eleventh Amendment and (2) the statute of limitations.[6] Dist. Ct. Dkt. No. 33-1 at 6-8. Plaintiff opposed State Defendants' motion, primarily arguing that State Defendants were biased in their review of the grievance he filed against Dimyan in 2013 and had deprived him of due process. *See* Dist. Ct. Dkt. No. 42 at 1-2, 4-5. Plaintiff also filed an "objection" to State Defendants' reply brief in which he seemingly sought to amend his Amended Complaint in order to bring claims for money

---

[5] Other defendants also moved to dismiss the claims against them. *See* Dist. Ct. Dkt. No. 35 (Defendant Elliot R. Warren); Dist. Ct. Dkt. No. 40 (Defendant Westport Police Department).

[6] State Defendants also moved to dismiss on grounds that Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to serve them properly. Dist. Ct. Dkt. No. 33-1 at 8-11.

14

damages against counsel for State Defendants, Attorney General William Tong, and the State of Connecticut. Dist. Ct. Dkt. No. 46 at 3.

On December 16, 2022, the district court dismissed Plaintiff's Amended Complaint with prejudice. Sec. Cir. Dkt. No. 3-2 at 23-25; *see also* Dist. Ct. Dkt. No. 47. It determined that the Amended Complaint was "not a viable lawsuit" after noting that it failed to "meaningfully address the deficiencies" previously identified by Magistrate Judge Farrish in his recommended ruling, which the district court had adopted. Sec. Cir. Dkt. No. 3-2 at 24. Among other things, the district court noted that the Amended Complaint did not address how the claims directed against State Defendants were not barred in their entirety by the Eleventh Amendment and the applicable statute of limitations. *See id.* Because further amendments "would be futile," the district court declined to grant Plaintiff further leave to amend. *Id.* at 25.

On the same day that the district court dismissed Plaintiff's Amended Complaint, it also denied as moot other motions it had not yet ruled upon, including State Defendants' motion to dismiss. *Id.* at 25; *see also* Dist. Ct. Dkt. Nos. 48-51.

15

On December 21, 2022, Plaintiff appealed. Dist. Ct. Dkt. No. 52.

## SUMMARY OF ARGUMENT

In his brief to this Court, Plaintiff fails to address the district court's grounds for dismissal of the claims against State Defendants and does not meaningfully explain how the district court committed reversible error. Plaintiff has therefore waived any challenge to the district court's dismissal of the claims against State Defendants, and this Court should affirm on that basis.

To the extent this Court concludes otherwise, it should affirm on the merits. The district court properly dismissed the Section 1983 claims against State Defendants because the claims were plainly barred by both the Eleventh Amendment and the statute of limitations. On appeal, Plaintiff presents no argument to the contrary.

Additionally, this Court should decline to review Plaintiff's perfunctory assertion raised only in his statement of the issues that the federal judges who presided over the case underlying this appeal abused their powers or were biased. He fails to brief this claim but, in any event, Plaintiff's contentions are meritless.

16

## ARGUMENT

### I. PLAINTIFF HAS WAIVED ANY CHALLENGE TO THE DISTRICT COURT'S DISMISSAL OF HIS CLAIMS AGAINST STATE DEFENDANTS

Plaintiff does not address the merits of the district court's dismissal at all. Nor does he contend that the district court committed *any* reversible error in dismissing the claims against State Defendants. Even the most liberal construction of Plaintiff's brief illustrates that he seeks to relitigate already rejected claims founded on a subjective belief that prior courts erred when they failed to vacate his criminal convictions or improperly ruled against him in his previous lawsuits. Because Plaintiff fails to challenge any aspect of the district court's judgement underlying this appeal—let alone adequately brief any issues relating to that decision—this Court should affirm the district court's dismissal of the claims against State Defendants.

Rule 28(a) of the Federal Rules of Appellate Procedure "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam); *see* 2d Cir. R. 28.1(a). Although this Court liberally construes a pro se litigant's brief and pleadings; *McLeod v. Jewish Guild*

17

*for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) (per curiam); it "need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates*, 147 F.3d at 209. When a pro se litigant fails to brief issues on appeal, he abandons any challenge to those issues. *Losacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995); *Moates*, 147 F.3d at 209. Additionally, this Court will not "manufacture claims of error for an appellant proceeding pro se," especially when such issues were raised below. *See Losacco*, 71 F.3d at 93.

The district court dismissed Plaintiff's Amended Complaint after concluding that it failed to allege facts that would cure the deficiencies identified by Magistrate Judge Farrish's July 6, 2022 recommended ruling, which, on October 7, 2022, the district court adopted. Sec. Cir. Dkt. No. 3-2 at 12-13; Dist. Ct. Dkt. No. 47; *see* Dist. Ct. Dkt. No. 9 at 11-14, 23-24. Despite acknowledging in his notice of appeal that he is aware of the grounds upon which the district court ruled; *see* Sec. Cir. Dkt. No. 1-2 at 2; Plaintiff does not address any of those issues or provide any analysis or legal authority to show how the district court got it wrong. Plaintiff's brief instead focuses on relitigating irrelevant facts and issues

18

associated with his prior criminal and civil cases in federal court.[7] *See, e.g.,* Pl. Br. at 8-22 (arguing why a prior court was biased, improperly rejected his ineffective assistance of counsel claim, and/or improperly weighed the evidence in a collateral attack on his criminal conviction); *id.* at 8, 14, 23 (arguing that his guilty plea should be withdrawn and/or vacated because, among other things, it was involuntary or not intelligently made); *id.* at 2-5, 7, 9-10, 17-18 (arguing his view of the facts and/or proceedings associated with his criminal prosecution or contending why certain pieces of evidence should have been suppressed in his criminal case). He fails to make any concrete reference to State Defendants and, when he does, he does not discuss the merits of the claims against them. *See id.* at 1, 6-7, 9, 14-15, 22. Moreover, to the extent Plaintiff's brief does address relevant issues, it is limited to the statute of limitations and consists of his conclusory assertion—without

---

[7] Notably, prior courts have rejected Plaintiff's arguments. *See, e.g., Papadakos*, 729 Fed. Appx. at 45-46 (rejecting Plaintiff's claim that court abused its discretion in denying motion to withdraw his guilty plea); *Zografidis*, 2021 U.S. Dist. Lexis 125089, at *4-10 (rejecting ineffective assistance of counsel claim and other issues collaterally attacking criminal conviction).

analysis or citation to authority—that the limitations period would not begin to run until his "criminal conviction is overturned." Pl. Br. at 17.

Here, Plaintiff has abandoned any challenge to the underlying judgment, especially with respect to the claims against State Defendants. *Losacco*, 71 F.3d at 92-93; *see Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks omitted); *see also McPartlan-Hurson v. Westchester Community College*, 804 Fed. Appx. 41, 44 (2d Cir. 2020) (summary order) (relying on *Tolbert* in deeming pro se appellant's "undeveloped" argument waived). Moreover, he cannot properly raise issues or arguments for the first time in a reply brief. *See J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

Put simply, Plaintiff's briefing deficiency—standing alone—is enough to affirm the dismissal of the claims against State Defendants. *See Williams v. R.R.*, 2022 WL 1053265, 2022 U.S. App. Lexis 9451, at

*4-5 (2d Cir. 2022) (summary order); *Clark v. Schroeder*, 847 Fed. Appx. 92, 93 (2d Cir.) (summary order), *cert. denied*, 142 S. Ct. 341 (2021); *Jordan v. New York State Dept. of Labor*, 811 Fed. Appx. 58, 59 (2d Cir. 2020) (summary order); *Cooke v. U.S. Bank National Assn.*, 749 Fed Appx. 69, 71 (2d Cir. 2019) (summary order).

## II. THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS AGAINST STATE DEFENDANTS

Even if Plaintiff's deficient briefing were not enough to affirm the district court's dismissal of the claims against State Defendants—which it is—this Court should affirm on the merits because Plaintiff's Section 1983 claims are barred by the Eleventh Amendment and the applicable three-year statute of limitations.

### A. Standard of review

This Court reviews a district court's dismissal of a complaint de novo. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022); *see also Ashmore v. Prus*, 510 Fed. Appx. 47, 48 (2d Cir.) (summary order), *cert. denied sub nom. Ashmore v. New York*, 569 U.S. 959 (2013).

**B.** **The district court properly dismissed Plaintiff's Section 1983 claims against State Defendants because they clearly were barred by the Eleventh Amendment**

The district court properly dismissed Plaintiff's Section 1983 claims against State Defendants because they are arms of that state and, therefore, immune from suit pursuant to the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

"Without a State's express waiver or an act by Congress under Section 5 of the Fourteenth Amendment, the Eleventh Amendment bars federal courts from adjudicating claims against a State, as well as its agencies and agents."[8] *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570

---

[8] The only other exception to Eleventh Amendment immunity is a "claim[] for prospective relief against state officials in their official capacities." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). This exception is not implicated here because Plaintiff neither alleged that he proceeded under *Ex parte Young*, nor advances such an argument on

22

(2d Cir. 2023) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)). This "'jurisdictional bar' applies regardless of the nature of the relief sought.'" *Id.* (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Williams v. Marinelli*, 987 F.3d 188, 196 (2d Cir. 2021) (Eleventh Amendment immunity implicates whether court has power to grant requested relief). The Eleventh Amendment's protections extend to "suits in federal court against a state brought by that state's own citizens." *Mary Jo C. v. New York State & Local Retirement Systems*, 707 F.3d 144, 151 (2d Cir.), *cert. dismissed*, 569 U.S. 1040 (2013).

There is no dispute that State Defendants are arms of the State. Their primary role is to regulate the practice of law by investigating grievances filed against attorneys and, as such, function as an arm of Connecticut courts. *See, e.g.,* Conn. Gen. Stat. § 51-90 (statute establishing Connecticut Statewide Grievance Committee and noting

---

appeal. In any event, *Ex parte Young* cannot apply to State Defendants. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

appointment by Judges of Superior Court); Conn. Gen. Stat. § 51-90a (powers of Connecticut Statewide Grievance Committee); Conn. Gen. Stat. § 51-90b (statute establishing grievance panels and noting appointment by Judges of Superior Court). Connecticut courts are part of the State of Connecticut. CONN. CONST. Art. II, § 1; CONN. CONST. Art. V, §§ 1-3; Conn. Gen. Stat. § 51-1a; *see Sargent v. Emons*, 582 Fed Appx. 51, 52 (2d Cir. 2014) (summary order) (holding that Connecticut Judicial Branch "is a department of the state and thus shares in its sovereign immunity[,]" citing Conn. Gen. Stat. § 51-1a).

Moreover, this Court and courts in this circuit have repeatedly held that attorney grievance committees—like State Defendants—are entitled to Eleventh Amendment immunity. *See In re M.M.*, 2022 WL 1565694, 2022 U.S. App. Lexis 13400, at *4-5 (2d Cir. 2022) (summary order); *McKeown v. N.Y. State Commission on Judicial Conduct*, 377 Fed. Appx. 121, 122-23 (2d Cir. 2010) (summary order); *Napolitano v. Saltzman*, 315 Fed. Appx. 351, 351 (2d Cir. 2009) (summary order); *Mele v. Connecticut*, 2007 WL 484618, 2007 U.S. Dist. Lexis 9943, at *8 (D.

24

Conn. Feb. 5, 2007); *Monroe v. Horwitch*, 820 F. Supp. 682, 684 (D. Conn. 1993), *aff'd without opinion*, 19 F.3d 9 (2d Cir. 1994).

Here, Plaintiff sought money damages from State Defendants based on his disagreement with their handling of a grievance that he filed against Dimyan in 2013. *See, e.g.,* Dist. Ct. Dkt. No. 29 at 11, 20-22; Dist. Ct. Dkt. No. 42 at 1-2, 4-5. He did not allege—let alone argue before the district court—that the State's Eleventh Immunity had been waived or abrogated, and there would be no basis here for a court to make such a finding. *See Will*, 491 U.S. at 64-67 (holding that a "state" is not a "person" within the meaning of Section 1983 and that Congress did not disturb states' Eleventh Amendment immunity in enacting Section 1983). The Eleventh Amendment's jurisdictional bar unequivocally applied to Plaintiff's Section 1983 claims against State Defendants. Thus, the district court properly dismissed them. *See, e.g., In re M.M.*, 2022 U.S. App. Lexis 13400, at *4-5; *McKeown*, 377 Fed. Appx. at 122-23.

25

**C.** **Alternatively, the district court properly dismissed Plaintiff's Section 1983 claims against State Defendants because the applicable three-year statute of limitations barred them**

Even if the Eleventh Amendment did not bar Plaintiff's claims—which it did—the district court also properly dismissed his claims against State Defendants because they were time-barred.

Because Section 1983 does not have a specific statute of limitations, Section 1983 claims "borrow[] from the statute of limitations for the analogous claim under the law of the state where the cause of action accrued[.]" *Spak v. Phillips*, 857 F.3d 458, 461-62 (2d Cir. 2017). In Connecticut, the analogous claim is a general tort, which means that Section 1983 claims are governed by a three-year statute of limitations. *Id.* at 462; *accord Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that Section 1983 actions in Connecticut are governed by three-year statute of limitations set forth in Conn. Gen. Stat. § 52-577). A Section 1983 action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (internal quotation marks omitted); *accord*

*Ward v. City of New York*, 777 Fed. Appx. 540, 542 (2d Cir. 2019) (summary order), *cert. denied*, 140 S. Ct. 849 (2020).

As noted above, Plaintiff predicated his Section 1983 claims against State Defendants on his disagreement with their handling of a grievance that he filed against Dimyan in 2013. *See* Dist. Ct. Dkt. No. 29 at 20-22. Plaintiff clearly knew of the alleged injuries forming the basis of his Section 1983 claims against State Defendants at that time. *See Hogan*, 738 F.3d at 518. In his initial Complaint Plaintiff here, Plaintiff specifically alleged that the Danbury Grievance Panel's April 23, 2013 "'Notice of Dismissal' was inaccurate and defective." Dist. Ct. Dkt. No. 1 ¶ 36. Magistrate Judge Farrish noted that one of Plaintiff's prior Section 1983 actions, which he filed in 2014, alleged that he had been "'violated'" by various individuals and entities, including the "'Danbury Grievance Counsel.'" Dist. Ct. Dkt. No. 9 at 13 (quoting Plaintiff's Complaint from 2014). And Plaintiff's opposition to State Defendants' motion to dismiss referenced, among other things, a meeting that he had on "March 7, 2013" with an individual apparently assigned to investigate the grievance he filed against Dimyan. Dist. Ct. Dkt. No. 42 at 2. Because Plaintiff did

27

not file his initial Complaint in this action until May 2022—approximately six years after his claims accrued—his Section 1983 claims against State Defendants were untimely, and the district court properly dismissed them because they were time-barred. *See Lounsbury*, 25 F.3d at 134.

To the extent that Plaintiff argues to the contrary, this Court should reject such contention. Plaintiff asserts in conclusory fashion and without analysis or citation to legal authority that the statute of limitations does not begin to run until his "criminal conviction is overturned." Pl. Br. at 17. He made similar allegations in his Amended Complaint. *See* Dist. Ct. Dkt. No. 29 at 3, 5, 12. He also alleged that he did not know about the statute of limitations partially because a judge in a prior federal lawsuit had not appointed him a lawyer and further alleged that the statute of limitations should not start to run until 2021—i.e., when a court in a prior federal lawsuit denied one of his motions. Dist. Ct. Dkt. No. 29 at 6.

Plaintiff does not argue these points further or discuss relevant authority in his brief, which is reason enough for this Court to reject any

contention that Plaintiff's Section 1983 claims against State Defendants are not time-barred. If this Court nevertheless chooses to address these assertions—which could be charitably read as an equitable tolling argument that Plaintiff did not raise below and the district court did not address or decide—they fail on the merits.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (internal quotation marks omitted). "[I]t is not enough for a party to show that he experienced extraordinary circumstances[;] [h]e must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* (internal quotation marks omitted). Even if a party can demonstrate this causal connection, equitable tolling requires that a party demonstrate "reasonable diligence in pursuing his claim throughout the period he seeks to have tolled. . . . This showing cannot be made if the party, acting with reasonable diligence, could have filed

on time notwithstanding the extraordinary circumstances." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff cannot demonstrate that equitable tolling applies. He fails to identify any extraordinary circumstances that prevented him from timely asserting his Section 1983 claims against State Defendants. The allegations in his Amended Complaint demonstrate that he knew about State Defendants' alleged handling of his grievance against Dimyan no later than 2014. And, in a prior filing from 2014, he alluded to how the handling of such grievance had "violated" him. Dist. Ct. Dkt. No. 9 at 13. At bottom, Plaintiff cannot identify anything that would have prevented him from timely filing his Section 1983 claims against State Defendants had he acted with reasonable diligence to pursue them. *See Smalls*, 10 F.4th at 145-46; *see also Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) (equitable tolling cannot be based on "lack of education, pro se status, or ignorance of the right to bring a claim").

30

**D.** **Even if the district court dismissed the claims against State Defendants sua sponte, it acted properly because Plaintiff asserted frivolous claims against them**

As argued above, the district court correctly dismissed the claims against State Defendants because both the Eleventh Amendment and the applicable three-year statute of limitations barred them. It reached that proper decision having afforded Plaintiff with the opportunity to file an Amended Complaint to cure pleading deficiencies identified by Magistrate Judge Farrish and after State Defendants moved to dismiss the claims primarily on the same grounds relied upon by the district court. This was not a situation where the district court dismissed the Section 1983 claims asserted against State Defendants on its own accord and without warning—i.e., sua sponte.

But even if this Court construed the district court's action as a sua sponte dismissal; *see, e.g.,* Dist. Ct. Dkt. No. 49 (denying as moot State Defendants' motion to dismiss); this Court should nonetheless affirm. Preliminarily, Plaintiff does not contend that the district court erred in dismissing his claims against State Defendants sue sponte and, thus, the issue is not properly before this Court. Plaintiff's failure to raise this

31

issue is reason enough to reject it. *See Losacco*, 71 F.3d at 92-93; *Moates*, 147 F.3d at 209. Regardless, such a claim would fail on its merits because district courts have the inherent authority to dismiss frivolous claims, even after a Plaintiff pays the filing fee.

### 1. *Standard of review for sua sponte dismissals*

The issue is somewhat unsettled, but this Court appears to review de novo a district court's sua sponte dismissal of a complaint. *Compare Federal Defenders of N.Y., Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 125 (2d Cir. 2020), *and Curcio v. Abrams*, 2023 WL 31183, 2023 U.S. App. Lexis 82, at *4 (2d Cir. 2023) (summary order), *with Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 n.2 (2d Cir. 2000) (per curiam), *and Bryan v. Fleetbank N.A.,* 2022 WL 6832280, 2022 U.S. App. Lexis 28324, at *1 (2d Cir. 2022) (summary order). In any event, the dismissal of the claims against State Defendants satisfies any applicable standard of review, even the "more rigorous de novo review." *Fitzgerald*, 221 F.3d at 364 n.2; *see Clark*, 847 Fed. Appx. at 93.

2. *A plaintiff's payment of a filing fee does not strip a district court of its authority to issue a sua sponte dismissal*

Although district courts should generally proceed cautiously in dismissing a case sua sponte; *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82-83 (2d Cir. 2018); "caution need not lead to paralysis[.]" *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995). Indeed, when a complaint asserts frivolous claims—as is the case here—district courts may properly dismiss actions sua sponte even after a litigant pays the required filing fee to commence suit. *Fitzgerald*, 221 F.3d at 363; *see Clark*, 847 Fed. Appx. at 93; *Rolle v. St. George*, 833 Fed. Appx. 844, 845 (2d Cir. 2020) (summary order), *cert. denied*, 142 S. Ct. 239 (2021). District courts have such "inherent authority" as a way avoid "expos[ure] to frivolous actions" and "preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364.

A complaint is "frivolous" when, for example, (1) "the factual contentions are clearly baseless" or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted); *see Bryan*, 2022 U.S. App. Lexis 28324, at *2 (relying on *Neitzke v.*

*Williams* 490 U.S. 319, 327 (1989), for same definition of "frivolous"). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston*, 141 F.3d at 437 (citation omitted and internal quotation marks omitted).

> 3. *Plaintiff's Section 1983 claims against State Defendants are plainly frivolous, and the district court properly dismissed them*

The district court properly dismissed as frivolous Plaintiff's Section 1983 claims against State Defendants because (1) they are immune from suit pursuant to the Eleventh Amendment and (2) the statute of limitations barred Plaintiff's claims.

Claims directed at defendants who are "'clear[ly] . . . immune from suit'" are "'based on an indisputably meritless legal theory[.]'" *Clark*, 847 Fed. Appx. at 93 (quoting *Neitzke*, 490 U.S. at 319); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (internal quotation marks omitted). Additionally, a claim is frivolous when the allegations set forth in the complaint clearly

34

demonstrate that the claim is time-barred. *See Pino*, 49 F.3d at 53-54; *Chapdelaine v. Town of Eastford*, 708 Fed. Appx. 699, 701 (2d Cir. 2017) (summary order).

As argued above, State Defendants are immune from suit pursuant to the Eleventh Amendment and Plaintiff's Section 1983 claims are time-barred. *See* Argument II.B-C, above. This Court routinely affirms sua sponte dismissals when the Eleventh Amendment forecloses a plaintiff's claims, as is the case here. *See, e.g., Clark*, 847 Fed. Appx. at 93-94; *Hahn v. New York*, 825 Fed. Appx. 53, 54 (2d Cir. 2020) (summary order); *Jordan*, 811 Fed. Appx. at 59-60; *Feng Li v. Rabner*, 643 Fed. Appx. 57, 58-59 (2d Cir. 2016) (summary order). Similarly, this Court routinely affirms sua sponte dismissals of claims where—as here—the face of the complaint makes clear that the claims are time-barred. *See, e.g., Bryan*, 2022 U.S. App. Lexis 28323, at *3-4; *Ward*, 777 Fed. Appx. at 542-43; *Chapdelaine*, 708 Fed. Appx. at 701; *Pino*, 49 F.3d at 53-54. Thus, to the extent that this Court construes the district court's action as a sua sponte dismissal of the claims directed against State Defendants, it should affirm because the district court had the inherent authority to dismiss

35

these claims even after Plaintiff paid the filing fee. *Fitzgerald*, 221 F.3d at 364.

Additionally, Plaintiff does not claim that he received inadequate notice or lacked an opportunity to be heard before the district court dismissed his claims against State Defendants. Nor does he contend that he should have been afforded a second opportunity to amend his complaint. Such issues are abandoned; *Losacco*, 71 F.3d at 92-93; *Moates*, 147 F.3d at 209; and Plaintiff cannot raise them for the first time in a reply brief. *J.P. Morgan Chase Bank*, 412 F.3d at 428; *Graham*, 89 F.3d at 82.

Although this Court has cautioned district courts about affording sufficient notice and an opportunity to be heard before dismissing a complaint sua sponte; *see Catzin*, 899 F.3d at 82-83; this case does not implicate the concerns expressed in prior cases. Here, Plaintiff had ample notice and an opportunity to be heard on the pleading deficiencies identified by Magistrate Judge Farrish pertaining to State Defendants, which included Eleventh Amendment immunity and his Section 1983 claims being time-barred. Among other things: (1) Plaintiff objected to

36

Magistrate Judge Farrish's recommended ruling; (2) Plaintiff paid the filing fee two months after Magistrate Judge Farrish recommended dismissing the initial Complaint; (3) the district court afforded Plaintiff the opportunity to amend his Complaint to cure the pleading deficiencies identified by Magistrate Judge Farrish (giving him approximately one month to do so); (4) Plaintiff filed an Amended Complaint in response to the district court's dismissal of his initial Complaint; and (5) Plaintiff opposed State Defendants' motion to dismiss, which, among other arguments, raised the same Eleventh Amendment and statute of limitations issues identified by Magistrate Judge Farrish. *See* Statement of the Case, above. Thus, even if this Court were inclined to address whether Plaintiff had sufficient notice and an opportunity to be heard, the record demonstrates that he did. *See, e.g., Curcio*, 2023 U.S. App. Lexis 82, at *5-6; *Catzin*, 899 F.3d at 84.

Furthermore, on October 7, 2022, the district afforded Plaintiff with an opportunity to amend his Complaint after adopting Magistrate Judge Farrish's recommendation of dismissal. Dist. Ct. Dkt. No. 24. Thus, Plaintiff had an opportunity to amend his Complaint before dismissal

with prejudice. *See Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013). And the district court was not obligated to provide Plaintiff with a second opportunity to amend his Complaint when doing so would be futile due to the Eleventh Amendment and the statute of limitations barring Plaintiff's claims against State Defendants. *See, e.g., Hahn*, 825 Fed. Appx. at 55; *Jordan*, 811 Fed. Appx. at 60; *Ward*, 777 Fed. Appx. at 544.

These circumstances demonstrate that the district acted properly in dismissing Plaintiff's frivolous claims against State Defendants. Regardless, any potential error is harmless because, as argued above, both the Eleventh Amendment and the statute of limitations plainly foreclose Plaintiff's Section 1983 claims against State Defendants. *See, e.g., McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001).

## III. PLAINTIFF CANNOT PREVAIL ON HIS APPARENT CLAIM(S) THAT MAGISTRATE JUDGE FARRISH AND/OR JUDGE BOLDEN ABUSED THEIR POWERS OR WERE BIASED

Plaintiff presents the following as one of the issues presented for review: "Did the district judges who presided over my civil case #: 22-cv-631 (VAB), abuse their power, and were they corruptively bias towards

38

me?" Pl. Br. at 1. Despite identifying that issue for this Court's review, Plaintiff does not brief how any of the judicial officials involved with the case underlying this appeal were biased or somehow abused their power. Again, that briefing failure alone is sufficient for this Court not to review the claim(s). But even if this Court were to address the merits of such contentions, they fail. Neither Magistrate Judge Farrish nor Judge Bolden abused their powers. At best, Plaintiff contends that Judge Bolden and/or Magistrate Judge Farrish were biased simply because they issued rulings that were not favorable to him. Because adverse rulings, without more, do not demonstrate judicial bias, any judicial bias claim fails.

Claims of judicial bias generally must be timely raised to provide the judicial officer with an opportunity to review the claim and to avoid "the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters."[9] *LoCascio*

---

[9] In his Amended Complaint, Plaintiff broadly alleged that all courts and judges who handled any of his cases were biased. *See, e.g.,* Dist. Ct. Dkt. No. 29 at 2-3, 8. Plaintiff also made a passing reference that "it sounds to me as if [he was] being prejudiced by [Judge Bolden]"

*v. United States*, 473 F.3d 493, 497 (2d Cir. 2007) (per curiam) (emphasis omitted), *cert. denied*, 552 U.S. 1010 (2007). Additionally, "'claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.'" *United States v. Adams*, 955 F.3d 238, 254 (2d Cir. 2020) (quoting *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam)).

Plaintiff cannot prevail on any claim that Magistrate Judge Farrish and/or Judge Bolden abused their powers and/or were biased. Preliminarily, any such claims fail because Plaintiff's cursory reference to these issues in his statement of the issues—without further developing his claims, citing to relevant authority or parts of the record, or otherwise adequately presenting such claims to this Court—constitutes abandonment. *Losacco*, 71 F.3d at 92-93; *Moates*, 147 F.3d at 209; *see*

_____

due to some of his rulings. Dist. Ct. Dkt. No. 42 at 5. These assertions did not adequately alter the district court of any claim of judicial bias. But even if they did; *see, e.g., LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007) (per curiam); Plaintiff's claims of judicial bias and/or abuse of power plainly lack merit.

*also McPartlan-Hurson*, 804 Fed. Appx. at 44; *Tolbert*, 242 F.3d at 75.

Plaintiff's perfunctory reference to these issues in his statement of the

issues, without more, invites this Court to "manufacture" claims of error;

*Losacco*, 71 F.3d at 93; or decide an issue that he did not brief. *See*

*Moates*, 147 F.3d at 290. This Court should reject such issues outright

by declining to review them.

Additionally, Plaintiff's inadequate briefing on these issues has

deprived State Defendants of a meaningful opportunity to respond. But

to the extent that Plaintiff claims that Magistrate Judge Farrish

somehow "abuse[d] [his] power," federal law authorized him to make the

recommendations that he made in his July 6, 2022 recommended ruling.

*See* 28 U.S.C. § 1915. And to the extent that Plaintiff believes that Judge

Bolden somehow "abuse[d] [his] power" in dismissing his claims against

State Defendants, such a claim fails for the reasons argued above. *See*

Argument II section, above.

Finally, at most, Plaintiff claims that Magistrate Judge Farrish

and/or Judge Bolden were biased due to adverse rulings. Simply being

unsatisfied with a judge's decision is not enough to demonstrate judicial

41

bias. *See, e.g., Chen*, 552 F.3d at 227; *Rolle*, 833 Fed. Appx. at 846. Accordingly, Plaintiff's conjectural, vague, and undeveloped claim of judicial bias must fail as a basis to reverse the district court's decision dismissing the claims against the State Defendants.

## CONCLUSION

This Court should affirm the judgment of the district court dismissing the claims against State Defendants.

Respectfully submitted,

STATE DEFENDANTS

WILLIAM TONG
ATTORNEY GENERAL

By: */s/ Thadius L. Bochain*
    Thadius L. Bochain (ct31367)
    Assistant Attorney General
    165 Capitol Avenue
    Hartford, CT 06106
    Tel: (860) 808-5020
    Fax: (860) 808-5347
    Email: Thadius.Bochain@ct.gov
    Attorney for State Defendants

42

## <u>CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS</u>

As required by Federal Rule of Appellate Procedure (FRAP) 32(g)(1), I hereby certify that this brief complies with the type-volume limitations of FRAP 32(a)(7)(B), as modified by Second Circuit Local Rule 32.1(a)(4), in that this brief contains **<u>7054</u>** words, excluding the parts of the brief exempted by FRAP 32(f). I further certify that this brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32 (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

*/s/ Thadius L. Bochain*
Assistant Attorney General

Dated: June 21, 2023

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this 21 day of June, 2023, I caused the foregoing brief to be filed electronically with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Thadius L. Bochain*
Assistant Attorney General

44