# 22-3197

## In the United States Court of Appeals
## for the Second Circuit

---

Konstantinos Zografidis

*Plaintiff-Appellant*,

v.

Vanessa Richards, Assistant United States Attorney, Westport Police Department,
Statewide Grievance Committee, Danbury Grievance Panel,

*Defendants-Appellees*

Michael Edward Runowicz, Assistant United States Attorney, Sarah P Karwan, Assistant United
States Attorney Deirdre M. Daly, United States Attorney, Kenneth A. Blanco, Deputy Assistant
Attorney General Criminal Division, Sandra Slack Glover, Assistant United States Attorney,
Patrick Doherty, Assistant United States Attorney, Peter Dean Markle, Assistant United States
Attorney, John B. Hughes, Assistant United States Attorney, William Nardini, Assistant United
States Attorney, John H. Durham, United States Attorney, Dominick Cisero, TFO, Terrence
Blake, Detective Perez, Edwards, Mark Suda, Kaczynski, RAC Roscoe, TFO, Walsh, TFO,
Lofton, TFO, Rodney George, SA, Matera, New York Police Lieutenant Anthony DePanfilis,
McHugh, SA, Martinez, TFO, Sixto Dinnan, GS, Paul Thomas, Attorney, Frank O'Reilly,
Attorney, Elliot R. Warren, Attorney, Joseph Dimyan, Attorney, AKA CW-2, Joseph Gega,
Christos Papachristou, Ted Lee, AKA CW-1, Chris Anderson, David Solano, CI Bobby, United
States Attorney's Office, of Bridgeport Connecticut, Norwalk Police Department, High Intensity
Narcotics Task Force, of Bridgeport RO,

*Defendants*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

**BRIEF OF DEFENDANTS-APPELLEES WESTPORT POLICE DEPARTMENT**

---

Ryan P. Driscoll
Berchem Moses PC
75 Broad Street
Milford, CT 06460
(203) 783-1200
rdriscoll@berchemmoses.com
Attorney for Defendants-Appellees

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..............................................................................ii-iii

COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW....................1

COUNTERSTATEMENT OF THE CASE..............................................................1

    i. Relevant Factual and Procedural Background ................................................1

STANDARD OF REVIEW ...................................................................................7

SUMMARY OF ARGUMENT...............................................................................7

    i. The Plaintiff's Opening Brief does not address the Westport Police
        Department. ...................................................................................................8

    ii. To the extent the Court is inclined to consider the correctness of the District
        Court's ruling as to the Westport Police Department, the District Court
        properly dismissed the Amended Complaint. ................................................9

      a. The Complaint did not set forth any claim as to Westport Police
          Department...................................................................................................9

      b. The Amended Complaint did not address statute of limitations issues....12

      c. The Amended Complaint did not address issues pertaining to whether the
         Westport Police Department could be sued...................................................12

CONCLUSION.....................................................................................................14

.

# TABLE OF AUTHORITIES

**Cases**

*Callan v. Paulson*, 2009 WL 1011344 ....................................................................13

*Cunningham v. Lupis*, 2022 WL 136463 ...............................................................12

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ...........................................6

*DeLee v. New York*, No. 5:20-cv-549 (GTS/ATB), 2020 WL 4288455....................15

*EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 n. 1 (2d Cir.2007) ....................................................................................................................9

*Foman v. Davis*, 371 U.S. 178, 182 (1962)..............................................................6

*Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir.1980) ..........................................11

*Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir.1969) ..........................12

*Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013) ...........................6

*Hester-Bey v. Police Dep't*, 2012 WL 4447383 .....................................................15

*Kelly v. Colonie Police Dep't*, No. 8:20-cv-721 (GTS/CFH), 2020 WL 6465448 ..14

*Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992) ................................13

*Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.) .................................................9

*Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1988).....................................11

*Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir.2009) .................................7

*Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir.2008).........................7

*United States v. Boyd*, 475 Fed. Appx. 790, 791 (2d Cir. 2012)..............................9

*United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002).......................................9

*United States v. Papadakos*, 729 Fed.Appx. 41 (2018) ..........................................2

*United States v. Zichettello,* 208 F.3d 72, 121 (2d Cir.2000) *cert. denied,* 531 U.S. 1143, 121 S.Ct. 1077, 148 L.Ed.2d 954 (2001)......................................................8

*Wood ex rel. U.S. v. Applied Research Associates, Inc.,* 328 Fed. Appx. 744, 751 (2d Cir. 2009)......................................................................................................9

*Wood v. Applied Research Associates, Inc.,* 559 U.S. 929 (2010) ............................9

*Zografidis v. United States,* 139 S.Ct. 166 (2018) .......................................................2

**Other Authorities**

2A *Moore's Federal Practice* ¶ 8.13, at 8–81 to 8–82 n. 38.) .................................11

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969) .10

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 366–67 .......11

## COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW

1.  Has the Plaintiff waived all arguments as to the Westport Police Department?

2.  Did the District Court properly dismiss the Plaintiff's claims as to the Westport Police Department?

## COUNTERSTATEMENT OF THE CASE

This matter stems from the Plaintiff's arrest and conviction for possessing with the intent to distribute and conspiring to possess with the intent to distribute cocaine. The Police Department of the Town of Westport's (the "Westport Police Department") only role in that matter was holding the Plaintiff at the police department for a short time after his arrest. It was not, even according to the Plaintiff's operative complaint, involved in the investigation or prosecution. In fact, in the underlying pleadings, there is very little mention of the Westport Police Department.

### i. Relevant Factual and Procedural Background

The instant matter stems from a 2012 federal criminal case which led to the Plaintiff pleading guilty to one count of conspiring to possess with the intent to distribute and to possessing with the intent to distribute cocaine. *ECF No. 9 at p. 3.* The Court sentenced the Plaintiff to a term of seventy-two months of

1

imprisonment followed by three years of supervised release. *Id.* The Plaintiff's conviction was subsequently affirmed by this Court. See, *United States v. Papadakos*, 729 Fed.Appx. 41 (2018). The United States Supreme Court then denied the Plaintiff's petition for certification. *Zografidis v. United States,* 139 S.Ct. 166 (2018).

The Plaintiff initiated the instant action on or about May 4, 2022. The Plaintiff named forty-two parties as defendants, including the Westport Police Department[1], several United States Attorneys, various police officers and detectives, DEA agents and criminal defense attorneys, all of whom were allegedly involved in some manner in his 2012 criminal case and conviction. *ECF No. 1 at p. 1-21 and ECF No. 9 at p. 1.* In essence, the Plaintiff claimed that he was "corruptly investigated, arrested, indicted and finally sentenced to prison under a false conspiracy theory...created and manufactured by crooked government agents..." *ECF No. 1 at p. 22.* The Plaintiff sought over $2 billion in damages for alleged constitutional violations. *See id.* at 23.

On or about May 4 and 20, 2022, the Plaintiff moved for leave to proceed *in forma pauperis* and for appointment of counsel. *ECF No. 2 and 6.* As a result of these requests, the Court (Senior United States District Court Judge Alfred V.

---

[1] As is noted in the Recommended Ruling, *infra.*, the "Westport Police Department" is merely an administrative arm of a municipality and cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity. *ECF No. 9 at p. 18*

Covello) referred this case to United States Magistrate Judge Thomas O. Farrish ("Judge Farrish") to conduct the relevant inquiries to determine if the Plaintiff should be appointed counsel or permitted to proceed *in forma pauperis*. *ECF No. 9 at p. 1-2.*

On or about July 6, 2022, after conducting a thorough review of the Plaintiff's initial complaint (*ECF No. 1*) (the "Complaint"), Judge Farrish issued a recommended ruling (the "Recommended Ruling") recommending that the District Court dismiss the Complaint. *ECF No. 9.* In his Recommended Ruling Judge Farrish found, *inter alia,* that the Complaint should be dismissed because the claims fall outside the applicable statute of limitations (*ECF No. 9 at p. 2* ), municipal police departments such as the Westport Police Department are merely administrative arms of municipalities not subject to suit (*Id. at p. 18-19*) and the Complaint does not set forth a proper *Monell* claim (*Id. at p. 19*). Although Judge Farrish concluded that "[t]here may be no cure for th[e] defects" he identified, he nevertheless recommended that the Court give Mr. Zografidis an opportunity to Amend his Complaint to attempt cure those defects, in light of his *pro se* status. *Id. at p. 27.*

On October 7, 2022, the District Court (Bolden, J.) adopted the Recommended Ruling. *ECF No. 24.* In adopting the Recommended Ruling, the Court noted:

3

> The Court understands that Plaintiff currently believes
> that Magistrate Judge Farrish erred. But, based on the
> applicable law this Court is bound to uphold no such
> error has been identified. *Id.*

The District Court gave the Plaintiff until November 4, 2022, to file an amended complaint to address the deficiencies identified in the Recommended Ruling. *Id.* The District Court further ordered that if an amended complaint was not filed by November 4, 2022, the dismissal of the case would become one with prejudice and the case would be closed. *Id.*

On October 26, 2022, the Plaintiff filed a one hundred twenty-six-page document purporting to be an amended complaint (the "Amended Complaint"). *ECF No. 29.* The Amended Complaint did not assert any substantive causes of action against any defendants. *Id.* Instead, the Amended Complaint reiterated the Plaintiff's oft-repeated claims of innocence, set forth his general disagreement with the Recommended Ruling and requested that the Court revisit and reopen the Plaintiff's criminal convictions of years prior. *Id.*

With respect to the Westport Police Department and Judge Farrish's statement that it is not an entity capable of being sued, the Plaintiff responded "[Judge Farrish], thank you again for that particular information, as to where I can also file civil suits against the towns of Norwalk and Westport. I had no such knowledge of such, and in due so (sic), I want to thank you again for opening my

4

eyes." *ECF No. 29. at p. 14.* The Plaintiff made virtually no other substantive mention of the Westport Police Department. See, *ECF No. 29, generally.*

Following the filing of the Amended Complaint, multiple defendants, including Westport Police Department, filed motions to dismiss raising, *inter alia*, the very issues identified by the Recommended Ruling. See, *e.g. ECF No. 40,* Westport Police Dept.'s Mot. to Dismiss, ECF No. [40] (Nov. 22, 2022) (moving for Order dismissing Plaintiff's Amended Complaint because, among other things, Plaintiff "does not allege any facts that would render the statute of limitations inapplicable").

On December 16, 2022, the District Court issued an Order of Dismissal. *ECF No. 47.* The District Court found that "the remainder of Mr. Zografidis's Amended Complaint proceeds similarly -- providing no additional facts to cure the legal deficiencies Judge Farrish identified in the original Complaint." *Id.* The District Court concluded, "[s]imply put, this Amended Complaint is not a viable lawsuit." *Id.* For the reasons stated in the Recommended Ruling (see *ECF No. 9*), which the District Court adopted (see *ECF No. 24*) the District Court dismissed the Amended Complaint with prejudice. *ECF No. 47.*

In ordering dismissal of the Plaintiff's claims, the District Court declined to grant further leave to amend, finding that any amendments would be futile. *ECF No. 47* (citing to *Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013)

5

("Leave to amend may properly be denied if the amendment would be 'futil[e])(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded... The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted).

On December 18, 2022, the Plaintiff filed his notice of appeal. *ECF No. 52.* On or about March 22, 2023, the Plaintiff filed his Opening Brief. As is discussed below, the Westport Police Department is not mentioned in any substantive way in the Plaintiff's Opening Brief.

## STANDARD OF REVIEW

A District Court's grant of a defendant's motion to dismiss is reviewed *de novo* with this Court accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir.2009) (internal quotation marks omitted). A district court's legal conclusions, including its interpretation and application of a statute of limitations, are likewise reviewed *de novo*. *Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir.2008).

## SUMMARY OF ARGUMENT

The Plaintiff's Appeal makes no mention of the Westport Police Department. Accordingly, any argument that may have been asserted against the Westport Police Department must be viewed as waived and the Plaintiff's Appeal as to it denied. In the event the Court reviews the merit of the Plaintiff's Appeal, it should determine that the Amended Complaint was properly dismissed by the District Court because the claims fell outside the applicable statute of limitations, municipal police departments such as the Westport Police Department are merely administrative arms of municipalities not subject to suit, the Complaint did not set

forth a proper *Monell* claim, and the Amended Complaint did not remedy any such defects.

## ARGUMENT

### i. The Plaintiff's Opening Brief does not address the Westport Police Department.

The Plaintiff's brief airs many grievances about the process leading to his conviction. The Opening Brief, however, never mentions Westport Police Department or its role in the alleged wrongs against him. Similarly, the Opening Brief fails to explain in any way how the District Court's decision with respect to the Westport Police Department's motion to dismiss was incorrect.

It is well-settled that the failure to include an argument in an appellate brief waives that argument on appeal. Likewise, issues not sufficiently argued in the brief are considered waived and normally not addressed on appeal. *United States v. Zichettello,* 208 F.3d 72, 121 (2d Cir.2000) *cert. denied,* 531 U.S. 1143, 121 S.Ct. 1077, 148 L.Ed.2d 954 (2001); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.) *cert. denied,* 525 U.S. 1001, 119 S.Ct. 511, 142 L.Ed.2d 424 (1998); *United States v. Greer,* 285 F.3d 158, 170 (2d Cir. 2002); *United States v. Boyd,* 475 Fed. Appx. 790, 791 (2d Cir. 2012); *EDP Med. Computer Sys., Inc. v. United States,* 480 F.3d 621, 625 n. 1 (2d Cir.2007); *Wood ex rel. U.S. v. Applied Research Associates, Inc.,* 328 Fed. Appx. 744, 751 (2d Cir. 2009), *cert. denied sub nom.*

8

*Wood v. Applied Research Associates, Inc.,* 559 U.S. 929 (2010). Because the Plaintiff has not addressed the District Court's decision as to Westport Police Department, his argument, if any, as to it should be deemed waived.

> ii. **To the extent the Court is inclined to consider the correctness of the District Court's ruling as to the Westport Police Department, the District Court properly dismissed the Amended Complaint.**

In the event this Court reaches the merits of the Plaintiff's appeal, it should find that the District Court correctly dismissed the Amended Complaint as to the Westport Police Department because the Amended Complaint failed to address of the deficiencies identified in the Recommended Ruling.

> a. **The Complaint did not set forth any claim as to Westport Police Department**

The Amended Complaint consisted of a rambling twenty-seven-page narrative professing his innocence and insulting those that he deems responsible for his conviction. *ECF No. 29 at p. 1-27.* Nowhere in those twenty-seven pages does the Plaintiff assert any discernible cause of action against the Westport Police Department. The Plaintiff then supplemented that twenty-seven-page narrative with ninety-nine pages of exhibits. *Id. at p. 28-126.* Likewise, nowhere in any of those pages is an actual cause of action asserted, much less a "short and plain statement of the claim sufficient to give [the Westport Police Department] fair notice of what the Plaintiff's claim is."

9

Federal Rules of Civil Procedure Rule 8 address the "General Rules of Pleading." Rule 8(a) states that a "pleading that states a claim for relief must contain…(2) a short and plain statement of the claim showing that the pleader is entitled to relief." *F.R.C.P. 8.* The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir.1980); 2A *Moore's Federal Practice* ¶ 8.13, at 8–61 (2d ed. 1987).

The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 41–42 (2d Cir. 1988) (citing to 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial …or to dismiss the complaint." *Id.* "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citing to *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir.1969)). "When the court chooses to dismiss,

10

it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Id.* (citing to 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 366–67; 2A *Moore's Federal Practice* ¶ 8.13, at 8–81 to 8–82 n. 38.)

Courts have dismissed complaints comparable to Plaintiff's under Rule 8. In *Cunningham v. Lupis*, 2022 WL 136463 at *5 the court wrote, " the sheer verbosity of plaintiff's proposed Amended Complaint (particularly the allegations in Counts 4 and 6), along with the inappropriate argument and citation to case law sprinkled throughout, and the mass of unlabeled and disorganized exhibits, generally make the proposed Amended Complaint a prime candidate for dismissal pursuant to Rule 8 and even a <u>pro se</u> litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." Absent a short and plain statement of his claims, the Plaintiff's Amended Complaint failed to meet the requirements of Rule 8.

That the Plaintiff represents himself *pro se* does not excuse his failure to comply with the Federal Rules of Civil Procedure. While *pro se* plaintiffs are granted wide latitude, a complaint consisting of vague and incomprehensible allegations runs afoul of Rule 8. *See, Lonesome v. Lebedeff*, 141 F.R.D. 397, 398

11

(E.D.N.Y. 1992); *see also*, *Callan v. Paulson*, 2009 WL 1011344 (D.Conn) (granting the federal government's Rule 8 motion to dismiss a pro se complaint that was "over fourteen single-spaced pages long with no numbered paragraphs" and included "over two hundred fifty unnumbered pages of exhibits"). The Plaintiff's Amended Complaint was nothing more than a reiteration of his claims of innocence and not a short and plain statement of any legal cause of action. It was, therefore, properly dismissed.

### b. The Amended Complaint did not address statute of limitations issues

The Recommended Ruling noted that all of the Plaintiff's claims should be dismissed because they were outside the applicable statute of limitations. *ECF No. 9 at p. 11*. The Amended Complaint did nothing to address those issues. Because the Plaintiff's claims are subject to a three year statute of limitations (see, *ECF No. 9 at p. 11-12*) and Westport Police Department's only involvement came at the time of the Plaintiff's arrest in 2012, his claims brought against it in 2022 would be untimely (see *ECF No. 9 at p. 12-13*). The Plaintiff's failure to address those statute of limitations issues, either in the form of an argument or in the Amended Complaint, warranted a dismissal of his claims.

### c. The Amended Complaint did not address issues pertaining to whether the Westport Police Department could be sued.

`

12

In the Recommended Ruling, Judge Farrish stated that "Norwalk and Westport Police Departments are immune from suit in this instance…these claims must be dismissed as police departments are merely administrative arms of municipalities." *ECF No. 9 at p. 18.* The Recommended Ruling continued, "[i]t is well established that [a] police department is an administrative arm of [a] municipal corporation and cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Id.* (citing to *Kelly v. Colonie Police Dep't*, No. 8:20-cv-721 (GTS/CFH), 2020 WL 6465448, at *3 (N.D.N.Y. Sept. 21, 2020), report and recommendation adopted, No. 8:20-cv-0721 (GTS/CFH), 2020 WL 6445901 (N.D.N.Y. Nov. 3, 2020) (internal quotation marks omitted); see also *DeLee v. New York*, No. 5:20-cv-549 (GTS/ATB), 2020 WL 4288455, at *4 (N.D.N.Y. June 12, 2020), report and recommendation adopted, No. 5:20-cv-0549 (GTS/ATB), 2020 WL 4284131 (N.D.N.Y. July 27, 2020) (collecting cases dismissing claims against police departments). Because "Section 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws.'…. [and] a municipal Police department is not a "person" within the meaning of Section 1983" the Recommended Ruling determined that Westport Police Department was not a proper defendant. *Id.* (Citing to *Hester-Bey v. Police Dep't*, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012)).

13

The Plaintiff did not address this issue in his Amended Complaint and, in fact, did not particularly address the Westport Police Department in any way. To the extent this finding was adopted by the District Court and serves as a basis for dismissal it was correct, unchallenged, not addressed and should lead to the dismissal being upheld.

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully submit that the Plaintiff's appeal should be denied.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS TOWN OF
WESTPORT POLICE DEPARTMENT

By:_____

Ryan P. Driscoll
Berchem Moses PC
75 Broad Street
Milford, CT 06460
(203) 783-1200
rdriscoll@berchemmoses.com

14

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7) because, excluding the parts of the document exempted by Rule 32(f) of the Federal Rules of Appellate Procedure, this document contains 2943 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: Milford, Connecticut
June 19, 2023

_____
Ryan P. Driscoll

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of June, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court' s electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court' s CM/ECF System.

_____
Ryan P. Driscoll

16